Filed 3/24/16  P. v. May CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064952 |
| v. | (Super.Ct.No. FWV1302425) |
| MATHEW BRIEN MAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

On September 26, 2013, defendant and appellant Mathew Brien May pled guilty to one count of grand theft under Penal Code[1] section 487, subdivision (a), and three counts of identity theft under section 530.5, subdivision (a).  The parties agreed that defendant would be sentenced to a total term of six years, as follows:  (1) three years, to be served in county jail under section 1170, subdivision (h), on the theft count; and (2) eight months (one-third the midterm) on each of the identity theft counts.  Defendant also admitted a prison prior under section 667.5, subdivision (b).  The matter was then referred to drug court with the provision that if defendant successfully completed the program there would be no time actually served.  The parties further agreed that defendant would pay actual restitution to the victim(s).

On October 11, 2013, the trial court rendered judgment according to the terms of the plea agreement then suspended the sentence with probation granted on various terms and conditions.  The court referred the matter to drug court.  Defendant was released from custody with directions to promptly attend several Narcotics Anonymous meetings.  Proceedings before a drug court commissioner commenced on October 18, 2013.

On November 8, 2013, defendant failed to appear before the drug court.  The trial court revoked defendant's probation and issued a bench warrant.  On November 15, 2013, the court reinstated defendant's probation.  Defendant was accepted into the drug

---

[1] All statutory references are to the Penal Code unless otherwise specified.

pre-entry program. Defendant was eventually placed in Cedar House with continued supervision by the drug court.

In September 2015 the trial court preliminarily revoked defendant's probation, set the matter for a probation revocation hearing with a *Vickers*[2] hearing reserved, and referred the matter to the probation department for a supplemental report.

On October 27, 2015, defendant admitted all the allegations of the probation violation. The trial court then ordered that probation remained revoked and terminated probation. The court imposed a $300 restitution fine. Moreover, pursuant to the terms of the plea agreement, the court imposed a total sentence of six years. The court awarded 144 actual and 144 conduct days for a total of 288 days credit.

On December 4, 2015, defendant filed a timely notice of appeal. Defendant indicated, "This appeal is based on the sentence or other matters that occurred after the plea and do not affect its validity."[3]

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of

---

[2] *People v. Vickers* (1972) 8 Cal.3d 451.

[3] The underlying guilty plea arose from a theft from defendant's mother. These facts are not relevant to this appeal from the court's order revoking defendant's probation.

the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

4